PAINE LUMBER COMPANY *vs.* CHARLES BETCHER.

February 3, 1886.

Verdict Sustained.—*Held,* that the uncontroverted evidence in this case, as disclosed by the record, justified the court in directing a verdict for the plaintiff for the amount claimed.

Appeal by defendant from an order of the district court for Goodhue county, *Crosby,* J., presiding, refusing a new trial.

*J. C. McClure,* for appellant.

*F. M. Wilson,* for respondent.

VANDERBURGH, J. This action was brought to recover a balance alleged to be due from the defendant for lumber sold and delivered to him. The receipt of the lumber is admitted, and the sole issue is whether certain portions of it were sold at the prices specified in the

complaint, or whether, as the defendant insists, no prices were fixed or agreed on, but, as to such parts of the bill, he is only liable on a *quantum valebat.* Apart from depositions, the evidence of the plaintiff consisted of the correspondence of the parties, and bills sent, and the testimony of the defendant. The defendant, in his testimony for plaintiff, identified certain writings, shown him and read in evidence, as the original price-lists from which he ordered bills of lumber of plaintiff, and admits, in his examination in his own behalf, also, that he ordered the lumber described in the complaint. The original price-lists were sent him, in pursuance of his request, by mail; and it appears from the correspondence that he thereupon made orders of lumber of the plaintiff, and subsequently, on June 5, 1883, he ordered the lumber in question in one general order of that date, including separate bills for "Ortonville," "Big Stone City," "Montevideo," and "Bird Island," at which places defendant had yards. It was stated and explained in the order that "Big Stone was near Ortonville, and the freight the same," and that the lumber for Bird Island, which, "was between Glencoe and Montevideo," should be "billed the same as Glencoe." The order directed plaintiff to ship the lumber so ordered for these places, and send bills to defendant's office. The defendant, referring to this order, testified that the plaintiff furnished him price-lists for Montevideo and Big Stone City, but not for Bird Island and Ortonville, and that the lumber bought for the last-named places was bought without price-lists, and simply upon an order sent by him for it. In view of this last evidence it is contended that the court erred in directing a verdict for plaintiff.

But we think, upon the admitted facts already in evidence, the court should place a different construction upon the transaction from that assumed to be put upon it by the defendant. He had sent for price-lists to make purchases from. These price-lists, as it appears, were for Glencoe, Montevideo, and Ortonville. By the terms of his order, Big Stone was to be understood to be the same as Ortonville, and the lumber for Bird Island was to be billed as to Glencoe. No complaint is made that the prices charged do not conform to the lists previously sent, as respects any items in the bill, and we think from the previous course of dealing between the parties and the terms of the order

v.34M—31

itself, being one general order for the whole, it is fairly to be assumed that the car-lots therein specified for the several places were all to be supplied at the regular list prices, which appear to be substantially the same at each point, and that the plaintiff was warranted in so construing the order; and that the defendant is not entitled to select out certain items or car-lots embraced in the order, and insist that the plaintiff should be put to the proof of their market value on the trial, while admitting that the balance of the order was purchased at the schedule rates. We think the court was right in directing the verdict.

This disposition of the case renders it unnecessary to consider the objections to plaintiff's depositions, as there appears to be uncontradicted evidence in the case, apart from them, sufficient to justify the action taken by the court.

Order affirmed.